BYRNE v. BECKMAN et al. (No. 142–47.)

(Supreme Court, Appellate Division, Third Department. November 11, 1915.)

1. LANDLORD AND TENANT ⬤⇒148—TENANT'S OBLIGATION—PAYMENT OF TAX-ES—LANDLORD'S CONSENT TO RENEWAL OF LIQUOR TAX CERTIFICATE.

Under a lease requiring the lessees to improve by the erection of a hotel building and its operation as a summer hotel, and to keep up insurance, taxes, repairs, and to obey the Excise Law, and providing for its termination on default of any agreement, the lessor's contemplated consent to the renewal of the liquor tax certificate was an independent obligation, not relieving the lessees from the obligation of paying taxes.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 520–532; Dec. Dig. ⬤⇒148.]

2. JUDGMENT ⬤⇒340—DECISION NOT FILED—CONTROL BY COURT—MODIFICA-TION.

In an action by plaintiff, who had assisted defendant's lessee in the construction of the buildings on the lessor's land, required by the lease, with the lessor's knowledge and consent, after the lessee's insolvency and default, to recover the money loaned to the lessee, where the trial court decided in accordance with plaintiff's contention, but did not file its decision, it had such control of the decision that it might grant the lessor's request to reopen the case and to admit evidence in support of her contention that she was entitled to maintain ejectment because of the lessee's default, and file the original decision and the entry of judgment thereon as security to the plaintiff pending the further hearing.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 666; Dec. Dig. ⬤⇒340.]

Kellogg, J., dissenting.

Appeal from Trial Term, Franklin County.

Action by Richard A. Byrne against William L. Beckman and others. From a judgment entered upon the decision of the court without a jury after a trial, and from intermediate orders, the plaintiff appeals. Judgment amended, and, as amended, judgment and orders affirmed.

See, also, 153 N. Y. Supp. 1109.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Kellas, Genaway & Kellas, of Malone (John P. Kellas, of Malone, of counsel), for appellant.

Weeds, Conway & Cotter, of Plattsburgh (Frank E. Smith, of New York City, and Thomas B. Cotter, of Plattsburgh, of counsel), for respondents.

WOODWARD, J. On the 11th day of September, 1911, Anna L. Stevenson, one of the defendants, entered into a lease with William L. Beckman and Arabella C. Beckman, by the terms of which the Beckmans were given possession of the premises involved in this action, for a term of five years, with a privilege of renewing the same for a second term of like length. The rental for the first three years was to be at the rate of $300 per year, increased to $400 for the two succeeding years of the term, and $600 per year for the next five years,

in the event of a renewal; Mrs. Stevenson reserving board and the use of one of the cottages for the summer season. The lessees covenanted to pay the rent; to erect at their own expense a hotel building 72x36 feet, and other buildings in accordance with plans and specifications to be approved by the lessor, and to furnish, equip, maintain, and operate the same as a first-class summer hotel; to keep up insurance; to pay taxes; to keep in repair; to obey the excise law; and not to assign without consent. The lessor on her part promised to pay the lessees at the expiration of the lease, provided lessees "shall have observed all the terms thereof," "one-third of the then value of the buildings." The lease likewise provided that if the lessees defaulted in their rent or taxes, or in the performance of any agreement, or became insolvent, or if any levy be made on the premises under any attachment or judgment, the latter might terminate the lease.

Subsequent to the making of this lease the plaintiff, who had been a summer guest of the Beckmans, entered into an agreement with the latter by which he undertook to advance the money for the construction of the buildings contemplated in the lease. It appears from the pleadings and the evidence that the plaintiff continued to make advancements from time to time until buildings, considerably larger and more expensive than had been originally contemplated, were erected upon the land of the defendant Mrs. Stevenson, and the theory of the action is that, these advancements, having been made with the knowledge and consent of the latter, she is equitably bound to contribute to the repayment of the loans thus made for the benefit of her property. There is no claim that there was ever any contract or agreement on the part of Mrs. Stevenson with the plaintiff, or with the codefendants, that she would make such repayments, and it is conceded that the plaintiff, in the year 1912, took an assignment of the lease above mentioned as security for his investment; but it is urged that, because the defendant Mrs. Stevenson has had the advantage of the investment, she is bound to pay for the same by reimbursing the plaintiff for the moneys which he loaned to the Beckmans.

It appears from the record that during the process of constructing the buildings the Beckmans were unable to meet their obligations, even with the help of the plaintiff, and that mechanics' liens were filed against Mrs. Stevenson's property aggregating over $3,000, for which foreclosure actions were pending. The answer sets this up as one of the defenses, together with an allegation that the Beckmans were in default in the payment of taxes and insurance, and otherwise under the lease, and that she had elected to terminate the same. The case came on for trial in December, 1913, and was tried at the same time and in connection with the action to foreclose the mechanics' liens on the property. The cause was submitted, and resulted in a decision in favor of the plaintiff, accompanied by an opinion of the trial court. The defendants asked to be heard upon the settlement of the decision, and the decision, which had been signed, was withheld from filing. Subsequently plaintiff's attorney gave notice to the defendants that the decision would be submitted to the court for confirmation on the 7th day of February, 1914. On that day the parties

came before the court, and the defendant Mrs. Stevenson asked to reopen the case and to be permitted to give evidence in support of her contention that she was entitled to maintain an action in ejectment because of the default of the Beckmans in paying taxes, etc. This request was granted, the court in the meantime permitting the filing of the original decision and the entry of judgment thereon as security only, which limitation upon the judgment was included in the judgment as entered, and which the plaintiff now asks to have eliminated from the original judgment, making it absolute; this upon an appeal from a motion, duly denied, asking to have the same stricken from the judgment on the ground that it was not in conformity to the decision.

The result of the opening of the case and permitting new evidence was that the court reached the conclusion that the defendant Mrs. Stevenson was entitled to maintain an action in ejectment by reason of default in the payment of rent, and the judgment entered is appealed from, together with the order above mentioned. The case does not contain all of the evidence, except that bearing on the question of the Beckmans' default in the payment of taxes and in the payment of insurance. The questions of fact, other than these, are not open for review here, and as to these we think the weight of evidence is with the respondents. This court will consider the case from the standpoint of the findings as made, and we see no escape from the conclusion that the judgment should be affirmed.

[1] The contention of the plaintiff that the defendant Mrs. Stevenson was guilty of a partial eviction of the Beckmans, by her refusal to sign a consent necessary to the procuring of a renewal of the liquor tax certificate, and that such constructive eviction operated to prevent the Beckmans from paying their taxes, thus bringing about the default on which the present judgment rests, is rather strained. There is no contention that the Beckmans were insolvent, or that they could not have paid the taxes at the time they were due, and the covenant to pay taxes was not contingent upon the defendant Mrs. Stevenson granting a consent for a liquor tax certificate. We assume that it was contemplated by the lease that Mrs. Stevenson should given her consent to the renewal of the liquor tax certificate; but it was an independent obligation, and did not relieve the Beckmans from the obligation of paying the taxes.

[2] The real difficulty in the case grows out of the fact that the learned court, upon the trial, originally made a decision in conformity with the plaintiff's contention. The decision was not filed, however, and we are of the opinion that the court was in control of the decision, and that the permission to enter the judgment, as security to the plaintiff during the further hearing, was a favor to the plaintiff, and that he gained no right to greater relief by accepting the judgment for the limited purpose and with the condition annexed. The theory of the case presented a long stretch of the equitable arm of the court at best; the contention that the plaintiff, by loaning money to the Beckmans to permit them to carry out their covenants with the defendant Mrs. Stevenson, and by putting in more than the covenant called

for, had thus builded up an equitable claim as against Mrs. Stevenson, after having involved her in mechanics' liens to the extent of more than $3,000, is going a long way about to approximate justice, to say the least, and we should be reluctant to find a way of reaching back to the original decision in a case of this character. It is true, of course, that the plaintiff appealed from the order refusing to strike out the added clause to the judgment; but he had the advantage of the judgment for security, so far as it could be of any advantage, and the present judgment seems to meet the requirements of the case. All that intervened did not operate to prejudice any legitimate right of the plaintiff, and the judgment and orders appealed from should be affirmed, with costs.

Judgment amended, by providing that the redemption mentioned in section 5 of the judgment may be made within 30 days from the time the judgment is entered on this decision, and, as so amended, judgment and orders affirmed, with costs.

SMITH, P. J., and LYON and HOWARD, JJ., concur.

KELLOGG, J., dissents.